**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA KRIEG, | No. 11-17423 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-02491-WHA |
| v. | MEMORANDUM[*] |
| U.S. FOODSERVICE, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 12, 2013[**]
San Francisco, California

Before: WALLACE, MCKEOWN, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Donna Krieg appeals the district court's summary judgment in favor of U.S. Foodservice, Inc. on multiple claims relating to her termination as a clerical assistant after she suffered a back injury. We affirm.

Because Krieg's deposition testimony flatly contradicted the statements in her declaration that her supervisors informed her she was terminated due to failure to perform and that her supervisor complained about her work restrictions, the district court did not err in striking those statements as shams. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). Because Krieg failed to list Fran LaGrange in her Rule 26 disclosure, the district court did not abuse its discretion in deeming LaGrange's declaration inadmissible. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

Although U.S. Foodservice informed Krieg of its decision to terminate her after her injury, the unrebutted testimony of U.S. Foodservice decisionmakers established that the decision to terminate Krieg preceded her injury; therefore, the sequence of events does not raise the inference of a discriminatory motive. Accordingly, the district court did not err in entering summary judgment in favor of U.S. Foodservice on Krieg's claim of disability discrimination under Cal. Gov't Code § 12940(a). *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1246–52 (Cal. Ct. App. 2008). To the extent U.S. Foodservice had an obligation to

accommodate Krieg's injury before her termination date, Krieg's own testimony establishes that she was fully accommodated. Therefore, the district court also did not err in entering summary judgment on her claims of failure to accommodate and failure to engage in the interactive process under Cal. Gov't Code §§ 12940(m) and (n). *Avila*, 165 Cal. App. 4th at 1252–53.

U.S. Foodservice was not under a contractual obligation to offer Krieg a position in its temporary return to work program, since its employee handbook, which Krieg signed, expressly disclaimed any such obligation and made clear that Krieg's employment status was at will. *Tomlinson v. Qualcomm, Inc.*, 97 Cal. App. 4th 934, 944 (Cal. Ct. App. 2002).

Krieg's intentional infliction of emotional distress claim is entirely without merit, *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (Cal. 2009), and her punitive damages claim is moot.

**AFFIRMED.**